UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ROGER DAVIS, individually and on behalf of all others similarly situated, <br><br> v. <br><br> MOUNTAIN STATE PRESSURE SERVICES, INC. | Docket No. __2:20-cv-1363__ <br><br> JURY TRIAL DEMANDED <br><br> PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Roger Davis ("Davis") brings this lawsuit to recover unpaid overtime wages and other damages from Mountain State Pressure Service, Inc. ("MSPSI") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Wage Acts") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Davis worked for MSPSI as a rig and snubbing supervisor during the relevant time period.

3. Davis regularly worked for MSPSI in excess of forty (40) hours each week.

4. Davis did not receive overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead, MSPSI improperly classified Davis as exempt from the overtime requirements.

6. MSPSI paid Davis a purported salary and additional compensation, such as a day rate and other compensation under the guise of reimbursements.

7. Because of MSPSI's improper deductions from Davis' purported salary and/or all the additional compensation not being reasonably related to the purported salary, MSPSI's purported salary fails the salary basis test.

8. As a result of MSPSI's purported salary failing the salary basis test, MSPSI cannot apply any white-collar exemptions to Davis.

9. The job duties Davis performed as an rig and snubbing supervisor were also those of a non-exempt nature, including manual labor, working outside in the elements, using tools, operating machinery, producing oil or gas, being exposed to hazardous working conditions, and carrying heavy objects.

10. As part of Davis' job, he regularly operated trucks with a gross vehicle weight rating of less than 10,000 lbs.

11. Considering these facts, MSPSI misclassified Davis as exempt.

12. Davis is entitled to hourly pay, overtime, attorney fees, and costs.

13. Davis brings this claim on behalf of himself and all MSPSI employees paid a purported salary and day rate (Putative Class Members).

## II. JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

17. Davis worked for MSPSI in this District and Division in Washington County in

Pennsylvania.

18. MSPSI conduct substantial business operations in this District and Division, including maintaining a corporate office in in this District and Division located at 736 Front Street, Fredericktown, Pennsylvania 15333.

### III.   THE PARTIES

19. Davis worked for MSPSI as a rig and snubbing supervisor from approximately mid-2016 through 2019.

20. Davis worked for MSPSI in Pennsylvania, Ohio, and West Virginia.

21. Davis's consent to be a party Davis is attached as Exhibit A.

22. Davis brings this action on behalf of himself and all other similarly situated workers who were paid a purported salary and a day rate.  MSPSI misclassified the Putative Class Members under the FLSA, Ohio Wage Acts, and PMWA.

23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER EMPLOYEES OF MOUNTAIN STATE PRESSURE SERVICES, INC. WHO WERE PAID A PURPORTED SALARY AND A DAY RATE DURING THE LAST THREE (3) YEARS.**  (Putative Class Members).

24. Davis also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA, as follows:

> **ALL CURRENT AND FORMER EMPLOYEES OF MOUNTAIN STATE PRESSURE SERVICES, INC. IN PENNSYLVANIA WHO WERE PAID A PURPORTED SALARY AND A DAY RATE DURING THE LAST THREE (3) YEARS.**  ("Pennsylvania Class").

25. Davis also seeks class certification of such a class under FED. R. CIV. P. 23 under the Ohio Wage Acts, as follows:

**ALL CURRENT AND FORMER EMPLOYEES OF MOUNTAIN STATE PRESSURE SERVICES, INC. IN OHIO WHO WERE PAID A PURPORTED SALARY AND A DAY RATE DURING THE LAST THREE (3) YEARS.** ("Ohio Class").

26. Defendant **Mountain State Pressure Services, Inc.,** is a Wyoming corporation doing business throughout the United States, including in Pennsylvania and Ohio. MSPSI may be served at 736 Front Street, Fredericktown, Pennsylvania 15333, or wherever it may be found.

### IV. COVERAGE UNDER THE FLSA

27. At all times hereinafter mentioned, MSPSI has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all times hereinafter mentioned, MSPSI has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all times hereinafter mentioned, MSPSI have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that MSPSI have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

30. At all times hereinafter mentioned, Davis and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

4

**V.    FACTS**

31.    Mountain State Pressure Services, Inc. is a natural gas well completion company operating throughout the United States, including in Pennsylvania, Ohio and West Virginia, focusing on heavy machinery well intervention techniques.[1]

32.    To provide services to their clients, MSPSI employs oilfield personnel.

33.    Many of the individuals who worked for MSPSI, were paid a purported salary and day rate, misclassified as exempt employees, and make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.  These so-called exempt employees were not paid overtime, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

34.    For example, Davis worked for MSPSI as a snubbing and rig supervisor during the relevant time period (in Pennsylvania, Ohio, and West Virginia). Throughout his employment with MSPSI, he was classified as an exempt employee and paid a purported salary plus a day rate with additional compensation disguised as reimbursements with no overtime compensation.

35.    As a snubbing and rig supervisor, Davis regularly worked more than 40 hours each week without receiving overtime compensation. On average, Davis estimates he regularly worked over eighty hours each week.

36.    As a rig and snubbing supervisor, Davis performed non-exempt job duties including rigging up, maintaining, operating, and rigging down oilfield equipment in order to complete the well. The job functions of Davis and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

---

[1] https://www.mspsi.com/services.php (last visited September 1, 2020).

37. Davis and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

38. Davis and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

39. The work Davis performed was an essential and integral part of MSPSI's core business of completing oil and gas wells.

40. Being an oilfield employee for MSPSI does not require specialized academic training as a standard prerequisite.

41. For example, Davis does not have any advanced degree.

42. To the extent the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

43. Instead, the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

44. The Putative Class Members are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

45. With these job duties, Davis and the Putative Class Members are clearly non-exempt employees under the FLSA, Ohio Wage Laws, and PMWA.

46. MSPSI does not pay the Putative Class Members overtime for hours worked in excess of 40 in a single workweek.

47. Instead, MSPSI pays these workers a purported base salary plus a daily rate for each day worked in the field. This day rate is not overtime pay, but rather a lump sum payment that must be included in the Putative Class Members' regular rates of pay.

48. Davis and the Putative Class Members worked for MSPSI in the past three years throughout the United States, including in Pennsylvania and Ohio.

49. As a result of MSPSI's pay policies, Davis and the Putative Class Members were denied the overtime pay required by federal, Ohio, and Pennsylvania law, because these workers are, for all purposes, employees performing non-exempt job duties.

50. MSPSI keeps accurate records of the hours, or at least the days, its employees work.

51. MSPSI also keeps accurate records of the amount of pay its employees receive.

52. Because Davis (and MSPSI's other employees) were misclassified as exempt employees by MSPSI, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.   FLSA VIOLATIONS

53. As set forth herein, MSPSI has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

54. MSPSI knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Davis and the Putative Class Members overtime compensation. MSPSI's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

55. Accordingly, Davis and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. PMWA Violations

56. Davis brings this claim under the PMWA as a Rule 23 class action.

57. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

58. At all relevant times, MSPSI was subject to the requirements of the PMWA.

59. At all relevant times, MSPSI employed Davis and each class member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

60. The PMWA requires employers like MSPSI to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Davis and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

61. MSPSI has and has had a policy and practice of misclassifying Davis and the Putative Class Members as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

62. Davis and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

63. Davis and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by MSPSI, as provided by the PMWA.

### VIII. Ohio Wage Act Violations

64. Davis brings this claim under the Ohio Wage Act as a Rule 23 class action.

65. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

66. At all relevant times, MSPSI were and are subject to the requirements of the Ohio Wage Act.

67. At all relevant times, MSPSI employed Davis and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

68. The Ohio Wage Act requires employers like MSPSI to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Davis and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

69. MSPSI had a policy and practice of misclassifying Davis and each member of the Ohio class as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

70. Davis and each member of the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

71. Davis and each member of the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by MSPSI, as provided by the Ohio Wage Act.

### IX. CLASS AND COLLECTIVE ACTION ALLEGATIONS

72. Davis incorporates all previous paragraphs and alleges that the illegal pay practices MSPSI imposed on Davis were likewise imposed on the Putative Class Members.

73. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, the Ohio Wage Acts and PMWA.

74. Numerous other individuals who worked with Davis indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

75. Based on his experiences and tenure with MSPSI, Davis is aware that MSPSI's illegal practices were imposed on the Putative Class Members.

76. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

77. MSPSI's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

78. Davis' experiences are therefore typical of the experiences of the Putative Class Members.

79. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

80. Davis has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Davis has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

81. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

82. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and MSPSI will reap the unjust benefits of violating the FLSA and applicable state labor laws.

83. Furthermore, even if some of the Putative Class Members could afford individual litigation against MSPSI, it would be unduly burdensome to the judicial system.

84. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

85. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether MSPSI employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA, the Ohio Wage Acts and PMWA;

   b. Whether the Putative Class Members were improperly misclassified as exempt employees;

   c. Whether MSPSI'S decision to classify the Putative Class Members as exempt employees was made in good faith;

   d. Whether MSPSI'S decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   e. Whether MSPSI'S violation of the FLSA was willful; and

   f. Whether MSPSI'S illegal pay practices were applied uniformly across the nation to all Putative Class Members.

86. Davis's claims are typical of the claims of the Putative Class Members. Davis and the Putative Class Members sustained damages arising out of MSPSI'S illegal and uniform employment policy.

87. Davis knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

88. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X.   JURY DEMAND

89. Davis demands a trial by jury.

## XI. RELIEF SOUGHT

90. WHEREFORE, Davis prays for judgment against MSPSI as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding MSPSI liable for unpaid back wages due to Davis and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Davis and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
PA. I.D. No. 308410
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**