IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN HESS, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 2:20-cv-01363-WSS |
| § | |
| MOUNTAIN STATE PRESSURE SERVICE, INC., § § § | Judge William S. Stickman |
| Defendant. § | |

**DEFENDANT MOUNTAIN STATE PRESSURE SERVICE, INC.'S
UNOPPOSED MOTION TO SEAL SETTLEMENT AGREEMENT**

Defendant Mountain State Pressure Service, Inc. ("MSPSI" or "Defendant") files this Unopposed Motion to Seal and requests that the parties be permitted to file under seal their forthcoming Joint Motion for Approval of Settlement (the "Motion for Approval") and the Settlement Agreement as an exhibit thereto.

**I.      RELEVANT PROCEDURAL HISTORY**

Plaintiff Roger Davis ("Davis") filed this lawsuit against MSPSI on September 10, 2020, asserting claims for alleged unpaid wages under the federal Fair Labor Standards Act ("FLSA") and similar state laws. Dkt. 1. Two other individuals joined the lawsuit as party plaintiffs, Brian Hess ("Hess") and Aaron Klimaszewski (collectively with Hess and Davis, "Plaintiffs"). Dkt. 8, 9. Although the parties stipulated to conditional certification of a collective action under the FLSA, only one individual opted-in to this lawsuit after such stipulation, and he subsequently withdrew his consent and is no longer a part of the lawsuit. *See* Dkt. 26, 33. Moreover, Plaintiffs never moved for Rule 23 class certification as to any of their state law claims. Therefore, the only claims in this case are the individual claims asserted by the three party Plaintiffs.

Unfortunately, Davis passed away unexpectedly in November 2021. As a result, Plaintiffs' counsel filed an Unopposed Motion to amend Plaintiffs' Complaint and substitute Hess as the

named plaintiff in this case, which the Court granted. *See* Dkt. 34, 35.

The parties also recently informed the Court that they had reached an agreement to resolve Plaintiffs' claims in this case and were working to document their agreement. *See* Dkt. 37, 38. The parties have now finalized a confidential settlement agreement documenting the terms of their resolution (the "Settlement Agreement") and are prepared to submit their Motion for Approval of this Settlement Agreement to the Court, since "the law in the Court of Appeals for the Third Circuit is unclear as to whether the parties require court approval of a proposed settlement of an individual action" under the FLSA. *Fletcher v. Campbell Dev. LLC*, No. CV 20-641, 2020 WL 7385285, at *1 (W.D. Pa. Dec. 16, 2020).

Importantly, the Settlement Agreement contains a confidentiality provision which states as follows:

> **Confidentiality of Terms.** Plaintiffs agree that the terms of this Agreement shall be strictly confidential. Accordingly, Plaintiffs agree not to disclose any information concerning the settlement, including the amount of the settlement payments herein, to any person or entity, except to their respective spouses, legal representatives, and accountants or tax advisors or where such disclosure is required by law or is necessary to comply with the terms of this Agreement. Plaintiffs may also disclose the terms of this Agreement to taxing authorities to the extent necessary to comply with their tax obligations. **This confidentiality provision is a material term of this Agreement and a material inducement for Defendant to agree to settle on the terms described herein, and upon which Defendant relied in agreeing to settle on the terms described herein**, and will be enforced by Defendant.

(Emphasis added). Therefore, in order to comply with the confidentiality provisions of the Settlement Agreement, which is a material term of the parties' settlement and a material inducement for Defendant to agree to the settlement, the parties are first seeking leave from the Court to file under seal their Settlement Agreement and Motion for Approval, which will necessarily need to refer extensively to the Settlement Agreement and the settlement terms therein.

2

## II.     ARGUMENTS AND AUTHORITIES

The Third Circuit has explained that "[a]lthough the right of access to judicial records is 'beyond dispute,' it is not absolute." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).  Thus, the Third Circuit "permit[s] the sealing of documents when justice so requires," such as when a party "show[s] that the interest in secrecy outweighs the presumption" in favor of public access. *Id.* at 221–22.  In *LEAP Systems*, the Third Circuit affirmed a district court's decision to seal settlement information where the court found that one of the parties to the settlement "would not have entered into the settlement agreement[] but for the Court's assurance of confidentiality." *Id.* at 222.

Judge Cathy Bissoon in the Western District of Pennsylvania recently approved the sealing of a settlement of an individual FLSA claim.  *Fletcher*, 2020 WL 7385285, at *2.  Although noting that "generally, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view," Judge Bissoon agreed to seal the settlement for two reasons: (1) "[t]he parties' representation that the negotiation of the Settlement Agreement was based partly in reliance on the confidentiality of the settlement;" and (2) "given that the settlement seeks to settle only Plaintiff's individual claims, the same general principles of public interest do not apply." *Id.*

Similarly here, the Settlement Agreement confirms that the confidentiality of the settlement terms was a material inducement for MSPSI to agree to settle, and that MSPSI relied upon such confidentiality "in agreeing to settle on the terms described" in the Settlement Agreement. Moreover, as explained above, the only claims in this case are the individual claims asserted by the three party Plaintiffs, so this case does not implicate the same public interest as a collective action or class action case.  Therefore, MSPSI's reliance upon the confidentiality of the terms of its settlement with Plaintiffs outweighs the presumption in favor of public access here.

In the alternative, if the Court does not agree that the parties should be permitted to seal the entire Motion to Seal and Settlement Agreement, MSPSI requests that the parties be permitted to at least redact the specific dollar amounts of the settlement payments therein, and submit the unredacted version of the Settlement Agreement only under seal or for *in camera* review. Other courts have "allowed counsel to file the agreement and accompanying paperwork with the settlement amounts redacted" in FLSA cases. *Lovett v. Connect America.com*, No. CV 14-2596, 2015 WL 5334261, at *2 (E.D. Pa. Sept. 14, 2015); *see also, e.g.*, *Kutz v. Cargill Cocoa & Chocolate, Inc.*, No. 3:19-CV-0176, 2019 WL 5457776, at *3 & n.1 (M.D. Pa. Oct. 23, 2019) (redacting all discussion of specific settlement amounts in FLSA case, explaining that the parties' publicly-filed settlement agreement did not contain the amounts to be allocated to the plaintiffs, and that the "complete Settlement Agreement and Limited Release have been filed of record by this Court under seal"); *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 969 (E.D. Mich. Mar. 3, 2021) (finding in FLSA case that permitting the parties "to redact the specific dollar amounts of the awards…strike[s] a proper balance between the public interest in understanding the nature of their agreement, and Parties' declared interest in avoiding the risks and costs that litigation would bring if confidentiality as to the precise awards could not be maintained").

### III.   CONCLUSION

For these reasons, MSPSI respectfully requests that the Court grant its Motion and order that the parties be permitted to file under seal their Motion for Approval and Settlement Agreement. In the alternative, MSPSI requests that the Court order that the parties' unredacted Settlement Agreement be filed, and remain, under seal, and permit the parties to publicly file a version of the Settlement Agreement with the settlement payments thereunder redacted. MSPSI also respectfully requests that the Court award it all other relief to which it is justly entitled, at law and in equity.

| | |
|---|---|
| **Dated: January 11, 2022** | Respectfully submitted, |
| | **BAKER & HOSTETLER LLP** |
| | By:  */s/ Mark D. Temple* |
| | Mark D. Temple (TX Bar No. 00794727) |
| | Peter J. Stuhldreher (TX Bar No. 24056393) |
| | Paul M. Knettel (TX Bar No. 24102031) |
| | 811 Main Street, Suite 1100 |
| | Houston, Texas  77002 |
| | Telephone:  (713) 751-1600 |
| | Facsimile:  (713) 751-1717 |
| | mtemple@bakerlaw.com |
| | pstuhldreher@bakerlaw.com |
| | pknettel@bakerlaw.com |
| | **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF CONFERENCE

I hereby certify that, through the parties' Confidential Settlement Agreement and Release of Claims and as confirmed by Plaintiffs' counsel, Plaintiffs are unopposed to the relief requested in this Motion.

*/s/ Mark D. Temple*
Mark D. Temple

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on January 11, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

*/s/ Mark D. Temple*
Mark D. Temple